UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVE REED,

      Plaintiff,

  v.

LAWRENCE E. HALES, et al.,

      Defendants.

DECISION & ORDER

05-CV-6497CJS

---

  The above-captioned matter has been referred to the undersigned by order dated July 21, 2006, for the supervision of pre-trial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B).  (Docket # 14).

  Plaintiff Dave Reed has commenced this action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights by subjecting him to excessive force.  (Docket # 1).  Currently before this Court are plaintiff's motions for leave to amend his complaint (Docket # 19) and for the appointment of counsel (Docket # 6).  For the following reasons, plaintiff's motions are denied.

  **Motion to Amend Complaint**:  Under Federal Rule 15(a), once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  If the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be afforded the opportunity to test the claim on its merits.  *See United States ex rel. Maritime Admin. v. Continental Illinois Nat'l Bank and Trust Co. of Chicago*, 889

F.2d 1248, 1254 (2d Cir. 1989). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, plaintiff has failed to provide the Court with a proposed Amended Complaint specifying the additional claim or claims he seeks to raise; nor has plaintiff provided any detail regarding the factual basis for the amended claims. Rather, plaintiff's motion merely requests "Permission to Correct and Amend" his Complaint because he was previously "not familiar with how to put the Complaint in a [clear] and precise way, and granting the Plaintiff the Permission to Correct and Amend Complaint would eliminate any miss interpretation in the Reading of the Complaint." (Docket # 19). Accordingly, because plaintiff has not demonstrated that the underlying facts or circumstances relied upon in seeking leave to amend are a proper subject of relief, this Court cannot evaluate the appropriateness of such amendment under Federal Rule 15.

Plaintiff's motion to amend is therefore denied without prejudice at this time. Should plaintiff wish to pursue any amendment to his Complaint, he may re-file the motion, which must be accompanied by a memorandum of law specifically identifying the amendments he seeks to make, as well as a proposed amended complaint.

**Motion for Appointment of Counsel:** Plaintiff has also requested the appointment of counsel. (Docket # 6). It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent

litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

> 1. Whether the indigent's claims seem likely to be of substance;
>
> 2. Whether the indigent is able to investigate the crucial facts concerning his claim;
>
> 3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
> 4. Whether the legal issues involved are complex; and
>
> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge*, 802 F.2d at 58, that the appointment of counsel is not necessary at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id.* This, plaintiff has failed to do. Moreover, the legal issues in this case do not appear to be complex, and plaintiff has failed to offer any special reasons why appointment of counsel would be more likely to lead to a just determination. It is therefore the Decision and Order of this Court that plaintiff's motion for the appointment of counsel is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

## CONCLUSION

For the foregoing reasons, it is the Decision and Order of this Court that plaintiff's motion for leave to file an amended complaint **(Docket # 19)** is **DENIED**. It is also the Decision and Order of this Court that plaintiff's motion for the appointment of counsel **(Docket # 6)** is **DENIED**.

**IT IS SO ORDERED.**

                                                      *s/Marian W. Payson*
                                                      MARIAN W. PAYSON
                                                    United States Magistrate Judge

Dated: Rochester, New York
       November   3  , 2006.