UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVE REED,

            Plaintiff,

   v.

LAWRENCE E. HALE, et al.,

           Defendants.

DECISION & ORDER

05-CV-6497CJS

By Order dated November 3, 2006, plaintiff's motion to amend his complaint was denied without prejudice because he had not submitted a proposed amended complaint for consideration. (Docket # 20). After he had filed the motion, plaintiff submitted a proposed amended complaint, which has now been docketed.[1] (Docket # 21).

This Court shall consider the proposed amended complaint to incorporate a motion to amend, pursuant to Rule 15 of the Federal Rules of Civil Procedure. After responsive pleadings have been filed, subsequent amendments are possible only with leave of court, but such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In general, district courts should not deny leave unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party or futility. *See Jones v. New York State Div. of Military and Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1999) (futility); *MacDraw, Inc. v. CIT Group Equip. Fin., Inc.*, 157 F.3d 956, 962 (2d Cir. 1998) (*per curiam*) (delay and prejudice); *see*

---

[1] The proposed amended complaint was submitted with a second motion to proceed *in forma pauperis* and a new civil cover sheet.

*also Friedl v. City of New York*, 210 F.3d 79, 88 (2d Cir. 2000) (remanding to allow leave to amend where "there has been no showing of either undue delay, given that the amendment was proposed only after discovery revealed additional relevant facts, or prejudice to the defendants, given the minimal extent of the proposed changes").

The proposed amended complaint adds no new defendants or claims. Rather, plaintiff has separated the narrative of his complaint into numbered paragraphs and has expanded some portions of his allegations. For example, the amended complaint specifically names the defendants involved in the complained-of events, rather than identifying them simply as "other officers"; it also describes in more detail his claimed pain and suffering and states that he seeks compensatory, as well as punitive damages. In short, the proposed changes alter the form, not the substance of plaintiff's claim. Perceiving no prejudice to the defendants as a result of the proposed amendment, particularly considering the early stage of this litigation, I find that leave to amend should be granted. Accordingly, plaintiff's motion to amend his complaint is granted.

IT IS HEREBY ORDERED that service of the Amended Complaint (Docket # 21) upon counsel for the defendants is sufficient for those defendants who have already appeared in the action; and it is further

ORDERED, that the time to serve Jeffrey D. Roberts is extended until **March 15, 2007**; and it is further

ORDERED, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the Amended Complaint (Docket # 21); and it is further

ORDERED, that a status conference will be held with the Hon. Marian W. Payson, United States Magistrate Judge, on **February 28, 2007**, at **10:30 a.m.** Arrangements will be made with Upstate Correctional Facility for Mr. Reed to appear by telephone.

**IT IS SO ORDERED.**

<em>s/Marian W. Payson</em><br>
MARIAN W. PAYSON<br>
United States Magistrate Judge

Dated: Rochester, New York
      January  31 , 2007